```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      BLUEFIELD DIVISION
```

**MICHAEL H. HOLLAND, MICHAEL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB, as Trustees of the UMWA 1974
PENSION TRUST,**

**MICHAEL H. HOLLAND, MICHAEL W.
BUCKNER, and B.V. HYLER, as
Trustees of the UMWA Cash Deferred
Savings Plan of 1988,**

    **Plaintiffs,**

**v.**                                          **Civil Action No. 1:06-0626**

**NEW COUNTRY MINING, INC.,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion for partial default judgment and specific performance. (Doc. No. 9.) This is an action by the Trustees of the United Mine Workers of America 1974 Pension Trust and the United Mine Workers of America Cash Deferred Savings Plan of 1988, to recover unpaid contributions from New Country Mining, Inc. For the reasons outlined below, plaintiffs' motion for partial default judgment and specific performance is granted in part and denied in part in an accompanying Judgment Order.

### I.  Factual and Procedural Background

Plaintiffs seek to recover from defendant unpaid contributions to the United Mine Workers of America ("UMWA") 1974

Pension Trust and the UMWA Cash Deferred Savings Plan of 1988 (the "UMWA Health and Retirement Funds").[1] (See Doc. No. 9 at 1.) These contributions are due under Article XX of the National Bituminous Coal Wage Agreement of 2002 (the "Wage Agreement"). (Id. at 1.) Under the terms of the Wage Agreement, plaintiffs were established as Trustees of a multi-employer pension plan and trust and defendant is obligated to make contributions to those plans and trusts at rates specified in the Wage Agreement. (Id.)

According to the complaint, defendant has been engaged in operating a coal mining business in McDowell County, West Virginia, since July, 2002. (Doc. No. 1 at 2.) On August 8, 2002, and again on April 22, 2003, defendant signed the Wage Agreement. (Id.) The Wage Agreement signed by defendant on August 8, 2002, expired on December 31, 2002. (Doc. No. 1 Ex. A at 5.) The Wage Agreement signed on April 22, 2003, expires on December 30, 2006. (Id. at 2.) Plaintiffs are suing to recover unpaid contributions from the period of August 8, 2002, through June 30, 2003. (Doc. No. 9 at 2.)

Article XX(d) of the Wage Agreement requires defendant to pay to the UMWA Health and Retirement Funds certain amounts based on each hour worked by the defendant's classified employees. (Doc. No. 1 at 2.) Specifically, defendant is required to pay into the

---

[1] Plaintiffs are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A) and are collectively the plan sponsor of the UMWA Health and Retirement Funds within the meaning of 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A). (Doc. No. 1 at 1-2.)

UMWA 1974 Pension Trust:

> $0.75 per hour on each such hour worked for any Employer that became obligated to contribute for the first time on or after January, 2002.

(Doc. No. 1-2 Ex. B at 37.). The Wage Agreement further requires defendant to make payments by the tenth day of each month covering amounts due based on the preceding month's operations, and to furnish statements showing the full amounts due and payable based on the hours worked. (Doc. No. 1 at 3; see also Doc. No. 1-2 Ex. B at 42)

Article XX(f)(2) of the Wage Agreement also requires that defendant make available to plaintiffs all records necessary to verify the accuracy of sums paid under the Wage Agreement, if plaintiffs have reasonable cause to question the accuracy of sums paid and if they put their request in writing. (Doc. No. 1 at 3; see also Doc. No. 1-2 Ex. B at 47.) Plaintiffs have sent defendant two letters by certified mail, requesting access to defendant's records in order to verify the sums paid. (Doc. No. 1 at 4.) Plaintiffs never received a response from defendant. (Id.) Plaintiffs claim they cannot accurately determine the amounts that defendant may owe them unless they receive access to defendant's records. (Id. at 3-4.)

Because plaintiffs did not include the section of the Wage Agreement pertaining to the UMWA Cash Deferred Savings Plan of 1988 (Article XXB of the Wage Agreement) in their exhibits, the court is unable to summarize the defendant's obligations under

that part of the Wage Agreement.  According to plaintiffs, defendant underpaid its contributions to the UMWA 1974 Pension Plan and the UMWA Cash Deferred Savings Plan during the period of August 8, 2002, through June 30, 2003, by approximately $2,623.83, excluding interest.  (Doc. No. 1 at 3.)

After defendant was served with a complaint and failed to respond, the Clerk entered default on September 22, 2006.  (Doc. No. 7.)  Plaintiffs now move for default judgment.  This court has jurisdiction over this matter under the Labor Management Relations Act, 28 U.S.C. § 185(c), and the Employee Retirement Income Security Act, 29 U.S.C. § 1132(e).

## II.  Default

The entry of default judgment is left to the discretion of the court.  SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).  The Fourth Circuit has a "strong policy" that "cases be decided on their merits."  Id. (quoting United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993)).  However, default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party.  Lawbaugh, 359 F. Supp. 2d at 421-22 (citing Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In this case, defendant was validly served.  (See Docs. No. 3 & 4.)  Defendant has failed to answer or otherwise defend or appear in this action.  Default was entered against defendant on

September 22, 2006, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (Doc. No. 7.)  On October 6, 2006, plaintiffs filed their motion for partial default judgment and specific performance, which was also served on defendant.  (Doc. No. 8.)  Because defendant has had ample notice of the suit pending against it, but has taken no action, it is clearly appropriate to grant plaintiffs' motion for partial default judgment.  See Lawbaugh, 359 F. Supp. 2d at 422.

### III.  Liability

As service was validly effected on defendant under Federal Rule of Civil Procedure 4, and defendant chose not to plead or otherwise defend itself in this action, all of the averments in the complaint are deemed admitted.  See Fed. R. Civ. P. 8(d); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (stating that "the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); Branch Banking & Trust Co. v. Fowler, 2005 U.S. Dist. LEXIS 3799, at *6 (W.D. Va. Mar. 3, 2005).

Here, if plaintiffs' allegations of fact are taken as true, then defendant is indeed liable to plaintiffs for any sums due under the Wage Agreement.  Based on the exhibits submitted by plaintiffs, it is clear that defendant was a signatory to the Wage Agreement at least from August 8, 2002, to December 31, 2002, and from April 22, 2003, to December 31, 2006.  (Doc. No. 1-2 Ex. A at

2, 5.)    Based on a Memorandum of Understanding signed by defendant on August 8, 2002, and again on April 22, 2003, excluding only the 1993 Benefit Plan and Trust from the Wage Agreement signed by the parties, the court can infer that defendant intended to be bound by all other UMWA Health and Retirement Funds contained in the Wage Agreement, including the UMWA 1974 Pension Trust and the UMWA Cash Deferred Savings Plan. (Doc. No. 1-2 Ex. A at 4,7.)  As fiduciaries of the UMWA Health and Retirement Funds contained in the Wage Agreement within the meaning of 29 U.S.C. § 1002(21)(A), plaintiffs have the right to bring this suit against defendant under 29 U.S.C. § 1132(a)(3) to collect unpaid contributions.

## IV.   Relief

Federal Rule of Civil Procedure 54(c) provides some limitation to the discretion of courts entering default judgment: "[A] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Damages may not generally be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts.  See United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979).  However, courts may award damages in situations where they may be determined with certainty by reference to the pleadings and supporting documentation.  See James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

**1. Specific Performance**

In their motion for partial default judgment and specific performance, plaintiffs request the court to enter an order pursuant to 29 U.S.C. § 1132(g)(2)(E) directing that defendant specifically perform its contractual duties by (1) permitting an updated audit of defendant's books by agents of plaintiffs; (2) producing records to verify the total amount paid and/or due and owing plaintiffs; (3) making payments for each month after August 8, 2002; and (4) keeping all payments and remittances due plaintiffs current and furnishing plaintiffs with regular monthly statements of the full amounts due in accordance with Article XX(d)(1),(4),(5),(6), and (7) of the Wage Agreement.  (Doc. No. 8 at 2.)

29 U.S.C. § 1132(a)(3) allows a fiduciary to bring a civil action:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

In addition, 29 U.S.C. § 1132(g)(2) provides that in a successful action by a fiduciary for or on behalf of a plan to enforce an employer's obligations under a multi-employer plan, courts may grant "such other legal or equitable relief as the court deems appropriate."

Article XX(f)(2) of the Wage Agreement requires that

defendant make available to plaintiffs all records necessary to verify the accuracy of sums paid under the Wage Agreement, if plaintiffs have reasonable cause to question the accuracy of sums paid and if they put their request in writing. (Doc. No. 1 at 3; see also Doc. No. 1-2 Ex. B at 47.) The Wage Agreement also requires defendant to furnish statements showing the full amounts due. (Doc. No. 1 at 3; see also Doc. No. 1-2 Ex. B at 42.)

Because plaintiffs are merely requesting that the provisions of the plan be enforced in accordance with 29 U.S.C. § 1132(a)(3), the court deems it appropriate to grant plaintiffs' request for specific performance, with one exception. For reasons explained below, the court concludes that it is premature to order the defendant to make payments for every month after August 8, 2002.

### 2. Damages

Plaintiffs request unpaid contributions under the Wage Agreement pursuant to 29 U.S.C. § 1132(g)(2)(A) in the principal amount of $2623.83. (Doc. 8 at 1.) In addition, they also request interest on those unpaid contributions pursuant to and at the rate(s) specified in 29 U.S.C. § 1132(g)(2)(B) in the amount of $523.62, and an additional $524.77 or 20% of unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii). (Doc. No. 8 at 1-2.)

29 U.S.C. § 1132(g)(2) provides that in a successful action by a fiduciary for or on behalf of a plan to enforce an employer's

obligations under a multi-employer plan, courts shall grant:

>(A) unpaid contributions,
>(B) interest on the unpaid contributions,
>(C) an amount equal to the greater of--
>(I) interest on the unpaid contributions, or
>(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court in subparagraph (A) . . .

In the Schedules of Debt submitted by plaintiffs with their motion, plaintiffs calculate the amounts owed to them by defendant in principal, interest, and statutory penalty, on a per month basis. Plaintiffs include in their calculation of damages the time period between January 1, 2003, and April 22, 2003, although their own documentation may suggest that defendant was not a signatory to the Wage Agreement during that time. (See Doc. No. 1-2 Ex. A at 2, 5.)

In addition, the court is unable to evaluate their calculation of the unpaid contributions to the UMWA Cash Deferred Savings Plan, because details surrounding that plan were not included in the copy of the Wage Agreement that was attached to plaintiffs' complaint. (See Docs. No. 1-2 & 1-3 Ex. B.) Plaintiffs also do not point out to the court where in the Wage Agreement it provides for liquidated damages. See 29 U.S.C. § 1132(g)(2)(C)(ii) (awarding liquidated damages if "provided for under the plan"). Furthermore, plaintiffs admit that without access to defendant's records, their calculation of damages is only an estimate.

Therefore, the court finds that it is unable to determine the exact amount of unpaid contributions, interest, and liquidated damages without more documentation. The court thus orders plaintiffs to submit an additional pleading and supporting documentation addressing these issues and providing the court with additional guidance on the calculation of the any unpaid contributions, interest, and liquidated damages, no later than 60 days after defendant has given plaintiffs access to their records.

### 3. Costs and Attorney's Fees

Plaintiffs third request is for defendant to pay their costs and attorney's fees pursuant to 29 U.S.C. § 1132(g)(2)(D). (Doc. No. 8 at 2.) Plaintiffs' request for costs and attorney's fees will be held in abeyance, pending the determination of damages.

### V. Conclusion

For the reasons discussed above, plaintiffs' motion for partial default judgment and specific performance is granted in part and denied in part.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and to any unrepresented party.

It is SO ORDERED this 6th day of December, 2006.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge